Case 06-02276    Filed 05/09/07    Doc 42

FILED
May 09, 2007
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000763825

Kimberly A. Henderson    SBN: 179234
**HENDERSON & HOWARD**
641-643 Flume Street
Chico, CA 95928
Tel: (530) 899-5100
Fax: (530) 899-5105

Attorneys for Debtor/Defendant
RENEE BODKIN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re )  Case No. 04-28719-C-7
)
RENEE BODKIN )
)
    Debtor. )
)
_____ )
)
JOHN REGER, in his capacity as )  **ADVERSARY PROCEEDING**
bankruptcy trustee, )  **NO. 06-02276-C**
)
    Plaintiff, )
)
vs. )
)
RENEE BODKIN, et al, )
)
    Defendants. )
_____ )

### FINDINGS OF FACT

    The Trustee's Complaint for declaratory relief, turnover of estate property, and forced sale, were tried to the Court, sitting without a jury, on May 3, 2007. The Court has considered the record, evidence submitted by the parties, made determinations as to its relevancy and materiality, assessed the credibility of the testimony of the witnesses, both written and oral, and ascertained for its purposes the probative significance of the documentary evidence presented. Upon the record before the Court as of May 3, 2007, at the close of the admission of evidence, pursuant to Fed. R. Civ. P. 52(a), the Court finds the following facts to have been proved by a preponderance of the evidence. The Court shall state the conclusions of law to be drawn therefrom in a separate Memorandum and Order to be filed in due course.

1. The debtor RENEE BODKIN filed a Chapter 7 bankruptcy petition on August 26, 2004.
2. At the time of filing of her bankruptcy petition, the debtor had an interest in real property located at 10 Menzie Way, Berry Creek, California pursuant to a "Rent to Buy Agreement" entered into between herself and Larry Menzie as the buyers and Sharon and James Spurlock as the sellers. The debtor did not disclose her ownership interest on her bankruptcy petition.
3. At the time of filing of her bankruptcy petition, the debtor also had a pending personal injury action that resulted from a November 2001 automobile accident in which she sustained substantial physical injuries and lost time at work. The debtor did not disclose the pending personal injury lawsuit on her bankruptcy petition.
4. The Meeting of Creditors, held pursuant to 11 U.S.C. §341, in this matter was scheduled and conducted on October 6, 2004. At that meeting, the trustee, John Reger, asked the debtor, "You do not own your home on 10 Menzie Lane?" to which she replied, "No.". He further asked her, "Transfers, lawsuits, inheritances don't apply to you?" She replied, "No Sir."
5. The bankruptcy trustee, John Reger, relied on the debtors answers to these questions together with other information on her bankruptcy petition and schedules and based on that information closed the bankruptcy case as a no asset case.
6. On September 9, 2004, the debtor entered into a mediated settlement agreement with the defendants in her personal injury action. The settlement agreement provided for a gross settlement amount of $90,000.00. She received a settlement check for $45,329.76 on or after November 16, 2004.
7. The case was reopened on motion of the United States Trustee, by order entered on June 21, 2006 to allow the trustee to administer the assets which had not been previously disclosed by the debtor.
8. On October 23, 2006, the debtor filed amended schedules adding the two assets to her bankruptcy estate and seeking to exempt them under California Code of Civil Procedure §703.010 et seq.. The trustee filed Objections to the amended exemptions on November 3, 2006. The Objections to the amended exemptions have not been set for hearing.
9. The trustee and debtor at time of trial on May 3, 2007 stipulated that the personal injury

2

cause of action and proceeds as well as the debtor's interest in the real property located at 10 Menzie Lane were properly part of the bankruptcy estate. The trustee further indicated that such agreement was without waiver of any other claims or rights of the trustee.

Respectfully Submitted,

Dated: 5/9/07

HENDERSON & HOWARD

By: *Kimberly A Henderson*
Kimberly A. Henderson
Attorney for Defendant
Renee Bodkin