

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RENEE BODKIN,<br><br>      Debtor. | Case No. 04-28719-C-7<br>Chapter 7 |
| JOHN REGER, in his capacity as<br>Bankruptcy Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>RENEE BODKIN, JAMES F.<br>SPURLOCK, JR., SHARON N.<br>SPURLOCK, AND LARRY L.<br>MENZIE,<br><br>      Debtor, | Adversary Proceeding No. 06-02276<br><br><u>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW</u> |

## Introduction

The Plaintiff, John Reger, in his capacity as the Bankruptcy Trustee of Renee Bodkin, filed his Complaint on August 23, 2006. He alleged in his First Cause of Action pursuant to 11

U.S.C. §541 that the real property at 10 Menzie Lane, Berry Creek, Butte County, California (hereinafter referred to as the Menzie property) is property of the estate and requests a Declaratory Judgment to determine the interest of the trustee and the Defendant Renee Bodkin. In his Second Cause of Action pursuant to 11 U.S.C. §544(a)(3), the Trustee requested a Declaratory Relief Judgment between the trustee, the Spurlocks and Larry Menzie. In his Third Cause of Action brought pursuant to 11 U.S.C. §521(4) the Trustee requests a turnover Order of the Menzie property to the trustee. In his Fourth Cause of Action, brought pursuant to 11 U.S.C. §541(a)(6), the Trustee requests the fair rental value of the Menzie property be paid to the trustee. He requests not less than $350.00 per month for a total of $7,700 for the time period of September 1, 2004 through July 31, 2006. He further requests that the rent continue to accrue from August 1, 2006 until it is turned over. In his Fifth Cause of Action, brought pursuant to 11 U.S.C. §521(4), the Trustee requests the cash value of the Debtor's interest in an insurance policy. In his Sixth Cause of Action brought pursuant to 11 U.S.C. §521(4), the Trustee is requesting an interest in a personal injury cause of action belonging to the Defendant. In his Seventh Cause of Action brought pursuant to 11 U.S.C. §363(h) the Trustee asks for a forced sale of the Menzie property between the Trustee, the Spurlocks and the Menzies.

The Defendant Renee Bodkin filed her Answer to the Complaint on September 22, 2006. In general the Defendant Renee Bodkin denies that the Menzie property is property of the Estate, that the Personal Injury Cause of Action is Property of the Estate, that the Spurlocks have any interest in the real property, that the Trustee is entitled to any rent, that the Trustee is entitled to a judgment based on the property going down in value over the past few years and the request for a Declaratory Relief Judgment. No Affirmative Relief allegations are alleged in

the Defendants answer.

The Defendant Larry Menzie did not file an answer or any other responsive pleading.

The Defendants Spurlock filed their answer on October 6, 2006. They allege in general that the Trustee succeeds to the interest in the Menzie property the Defendant had at the time she filed bankruptcy, that the trustee also succeeds to the interest in the personal injury lawsuit or the proceeds, that the Trustee and the Spurlocks are entitled to unpaid rent and they should be reimbursed for lost value in the property over the past several years, and that the Defendant should be ordered off the property immediately. They also request that the Trustee sell the property pursuant to 11 U.S.C. §363(j).

For a period of time the parties conducted their discovery and the matter was eventually set for trial on May 3, 2007. The Defendant Larry Menzie is no longer a factor in this case as he deeded his interest in the real property to his parents the Spurlocks before trial. In addition the Trustee and the Spurlocks entered into a compromise of all of their issues and although the agreement has not been set for a hearing, the compromise was stated on the record prior to commencing the trial. The compromise settles the issues involved in the Trustees Second and Seventh Causes of Action. The Trustee also stated that he was not pursuing the Fifth Cause of action against Renee Bodkin involving the alleged value of an insurance policy. So the real issues to be decided as a result of this trial are between the Trustee and the Defendant Renee Bodkin.

Just before the trial commenced with testimony, Attorney Henderson stated " I had offered yesterday to the trustee's counsel that we would be willing to stipulate that the personal injury lawsuit action as well as proceeds and any real property interest that Ms. Bodkin has is

indeed a part of the bankruptcy estate." (This statement is a complete reversal of the Defendant's position set out in their answer and pre-trial briefs.) Ms. Henderson in her proposed Findings of Fact states that the Trustee accepted her stipulation in open Court but he indicated that such agreement was without waiver of any other claims or rights of the trustee. It is the Court's recollection that the above statement is correct but the trial transcript does not state that the Trustee accepted the stipulation.

After the trial was completed the Court allowed for further briefing and written arguments by all parties.

The matter is now ready for a decision.

## Appearances

The Plaintiff, Trustee John Reger, was represented by Byron Lee Lynch, Attorney at Law, Redding, California. The Spurlocks were represented by Les Hait, Attorney at Law, Chico, California. The Defendant and Debtor, Renee Bodkin, was represented by Kimberly A. Henderson, Attorney at Law, Chico, California.

## Jurisdiction

The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure §7052 and Federal Rule of Civil Procedure §52. Jurisdiction exists pursuant to 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a) and the United States District Court, Eastern District of California, General Orders §182 and §223. The matter is properly brought before the court as an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure, Rule 7001 (1),

4

(2), (3), and (9). This adversary proceeding is a core proceeding as defined by 28 U.S.C. §1557(b)(2)(E), §157 (b)(2)(N), and §157(b)(2)(O).

### **Findings of Fact**

1. On November 10, 2002, James and Sharon Spurlock, Renee Bodkin, and Larry Menzie all signed the Rent-to-Buy Agreement relating to the residential real property at 10 Menzie Lane, Berry Creek, California. This is a single-family residence with an adjacent shop on the premises. At the time, Bodkin and Larry Menzie were occupants of the subject premises, with their children. On its face, the Rent-to- Buy Agreement provided that Bodkin was purchasing an ownership interest in the real property, over time, for payments of $350 per month. A $1,000 down payment was acknowledged as a having been paid on October 26, 2002. The document, on its face, also recited that Bodkin is the "co-owner". Plaintiff-s Ex. 2.

2. On the same date the Rent-to-Buy Agreement was signed, Bodkin was given a Quitclaim deed to the Menzie Lane property. The Quitclaim Deed was notarized, and conveyed an interest in the property to Bodkin as a co-owner, consistent with the Agreement. Bodkin accepted and retained the Deed.

3. From November 10, 2002, Bodkin has continued to live on the property. In May 2005, she obtained a Domestic Violence Restraining Order from the Butte County Superior Court excluding Larry Menzie from the property for a number of years. Larry Menzie has defaulted in these proceedings and has deeded back his interest in the property to the Spurlocks, (his mother and step-father).

4. Prior to the residence being placed in her name, Ms. Bodkin was involved in a motor vehicle accident on November 7, 2001. The wreck was not her fault but she was injured.

Bodkin was in the Hospital for several days and was in the process of recovering for some time. She did not go back to work until March of 2002. As a result of the wreck, a lawsuit was filed in Sutter County, California against various defendants for her injuries.

5.　The lawsuit was pending when Bodkin filed her bankruptcy. Prior to the filing, her attorney presented a 7-page Mediation Brief to a Mediator. Bodkin received a copy of that document, (Plaintiff's Ex. 5). As a result of the mediation, which she attended in Sacramento, California, a two-hour drive from her residence, the case was settled for $90,000. Bodkin knew her case had settled and it was done with her consent. Two defendants were involved. Two Settlement Agreements, Plaintiff's Ex. 6, & 7 were signed by Bodkin and she testified at trial that she received a copy of each agreement. She had a copy of the Agreements at home when she attended the First Meeting of Creditors where she answered that she had no interest in any lawsuits.

6.　In May or June 2004, when the Spurlocks were refinancing the Menzie Lane property, Sharon Spurlock had a conversation with Bodkin concerning whether the Quitclaim Deed had been recorded. This was important to Sharon Spurlock, since if the Deed had been recorded, it would make refinancing impossible without Bodkin's participation. Bodkin told her that it was NOT recorded and she was not going to record the Quitclaim Deed as "it would mess up her Bankruptcy." She wanted to be listed as a "renter" and not as an "owner". Bodkin did not contradict these statements at trial. The Quitclaim Deed was recorded by Bodkin on July 18, 2005, after her Bankruptcy was filed.

7.　On August 26, 2004, the defendant/debtor filed her Bankruptcy Petition pursuant to Chapter 7.

6

8. John W. Reger was appointed Trustee and is the Plaintiff in this case.

9. The Meeting of Creditors was scheduled and conducted on October 10, 2004 at 2 P.M. It was concluded on that date. Ms. Bodkin appeared at the Meeting.

10. Prior to conducting Bodkin's individual meeting, Reger advised all creditors in attendance, including Bodkin, that the failure to disclose assets could result in adverse consequences, including the denial of their discharge and criminal penalties.

11. During her Meeting of Creditors, Bodkin was specifically asked if she owned her home on 10 Menzie Lane, and she replied, "No".

12. During her Meeting of Creditors, Ms. Bodkin was asked if any lawsuits applied to her. She replied, "No Sir". At the time she made these denials the lawsuit was pending and she had the signed settlement agreements in her possession. She also had the Quit Claim Deed and Rent-to-Buy Agreement in her possession. Ms. Bodkin well knew their contents, their significance, their importance, and knew that she should have disclosed them. It is clear that she knowingly and intentionally withheld disclosing them to the Trustee and apparently to her own attorney.

13. Reger relied on the Debtors answers to these and other questions and the information contained in the Debtors Petition and Schedules and administered the case as a "no asset" case, and closed it on the entry of a Final Decree on December 14, 2004.

14. At the time Bodkin filed her Bankruptcy Petition, she resided at, and owned, an interest in a single family residence located at 10 Menzie Lane, Berry Creek, Butte County, California, as is evidenced by a Quitclaim Deed, (Plaintiff's Ex. 1), and a Rent-to-Buy Agreement, (Plaintiffs Ex. 2).

7

15. Bodkin failed to disclose her interest in the real property and the Personal Injury Lawsuit in her Bankruptcy Petition, her Schedules, to her Bankruptcy Trustee, or at all.

16. On or about August 26, 2004, the property had a value of approximately $220,000. This was the un-contradicted testimony of Ms. Spurlock. The present value of the property is $175,000 to $200,000. Again this was the un-contradicted testimony of Ms. Spurlock. The decline in value is attributable to the general decline in value of real property in the area during the last couple of years.

17. In Bodkin's Schedule C-Property Claimed Exempt, filed August 26, 2004, she claimed her exemptions under C.C.P. 703.140(b)(5) as follows: for cash, $10.00; dog, $20.00; 1999 Chevy Blazer, $5,000.00; checking account, $100.00; and 2002 Honda Jet Ski-$8,000.00. She claimed other exemptions under (b)(3);(b)(4);(b)(8);(b)(10)(e);(b)(2). She did NOT claim any exemption for any real property or lawsuits.

18. Based on the documentary and oral testimony at Court, including the testimony of Ms. Bodkin, Mrs. Spurlock, Mr. Spurlock, and Mr. Reger, Ms. Bodkin concealed the real property and lawsuit from the bankruptcy estate and its Trustee, Plaintiff Reger. Her concealment was with actual knowledge that she owned an interest in the real property and the lawsuit (and its proceeds) when she filed her bankruptcy case. She was acting intentionally, actively, and in bad faith in concealing said assets.

19. The date of the accident involving Ms. Bodkin was November 7, 2001. She returned to work on or about March 20, 2002. The lawsuit was pending when she filed bankruptcy on August 24, 2004. On August 31, her attorney presented a Mediation Brief to a Judge mediator. On September 9, 2004 she attended a settlement conference. On September 9,

2004, she signed two agreements calling for $90,000 to be paid to her. Between November and December 2004, she received $45,329. She did not disclose it to the Trustee or amend her Schedules. She testified that her P.I. Attorney said she did not have to list the lawsuit or disclose the settlement. So apparently the matter was discussed with Ms. Bodkin and she had knowledge of the issue. However she is not believable in her testimony. She could have but did not, invite or subpoena her P. I. Attorney to testify in Court. She spent all the money without giving any accounting to anyone at any time, although the accountings were requested in various depositions and discovery proceedings. She has offered no evidence that any of the money was necessary for her support or her children when she received it.

20. On October 23, 2006 the Debtor filed amendments to her Schedules and Petition listing the real property and the lawsuit. She also filed an amended Schedule C claiming these items as exempt. On November 3, 2006 the Trustee who had re-opened the case on June 21, 2006, and who had filed a lawsuit (this action) on August 23, 2006, filed an objection to the claimed exemptions on the grounds, generally, that her amended exemptions exceeded the limits allowed and that the creditors were prejudiced. A Motion was filed to set a hearing on the trustee's Objection to the exemptions but it was dismissed without prejudice. As of the date of hearing this trial, May 3, 2007, no hearing on any amended exemptions was pending.

21. Mrs. Spurlock testified that the current rental value of the Menzie property is between $750 and $900 per month. This testimony was undisputed and the only testimony of rental value given in the trial. It was also testified to that the Defendant and her husband were paying $350 per month during some of the time they occupied the residence. After he was removed from the house Ms Bodkin then paid $150 to the Spurlocks until they filed a lawsuit

9

to evict her in March 2006. Since then no money has been paid to the Spurlocks

## Conclusions of Law

22. The interest that Ms. Bodkin owned in the Menzie Lane property at the time she filed her Chapter 7 Bankruptcy on August 26, 2004 became property of the Estate pursuant to 11 U.S.C. 541(a) Her interest prior to her filing Bankruptcy was a tenancy in common which appears to be a half owner with her husband, prior to his deeding his interest to his mother. So the trustee succeeded to either a one-half or one-quarter interest in the subject real property. The stipulation between the Trustee and the Spurlocks has resolved this issue.

23. The interest in the lawsuit and or the proceeds became property of the Estate on August 26, 2004 pursuant to 11 U.S.C. §541(a).

24. The Court concludes that the personal injury lawsuit was property of the Estate when the Bankruptcy was filed on August 26, 2004. The proceeds which were received by Bodkin shortly thereafter were also property of the Estate. The lawsuit/proceeds were not listed in the Debtor's schedules or claimed exempt by the Debtor, therefore the sum of $45,329.00 together with interest at the Federal Rate applicable to money judgments are ordered turned over to the Trustee forthwith. The Debtor filed amendments to her Schedules and Exemptions on October 23, 2006. The trustee filed his objections in a timely manner. Since the matter has not been heard, there is no final order reference the objections as of the date of this trial. Therefore on this trial date, May 3, 2007, there are no allowable exemptions in favor of Debtor Bodkin reference the lawsuit/proceeds.

25. Ms. Bodkin has no interest in the Menzie Lane property as of the date of her filing Chapter 7 Bankruptcy since it became property of the Estate. Having no interest, she is

10

not entitled to possess the property. Bodkin is Ordered to vacate the property within 10 days of the date of this Order and Judgment, without committing waste to it, and turn the residence over to the Trustee/Spurlocks to be disposed of pursuant to further Court Orders.

26. The Bankruptcy Estate is also entitled to a money judgment against Bodkin in the amount of $24,000, plus interest, at the Federal rate applicable to money judgments, payable to the Trustee. The Court finds that the fair rental rate is $750 per month for the subject property and further the Court finds that Bodkin has not paid any rent for the property since at least the date of her filing Bankruptcy on August 26, 2004.

27. The Court is not making any award to the Trustee as a result of the Real Property going down in value over the past few years.

28. Based upon the foregoing Findings of Fact and Conclusions of Law, this Court shall issue a separate Judgment.

May 21, 2007

_____
Richard T. Ford, Judge
UNITED STATES BANKRUPTCY COURT

11

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA      ) SS.
COUNTY OF SAN LUIS OBISPO )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is Post Office Box 1357, Nipomo, California, 93444. On May 21, 2007, I served the within <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u> and <u>JUDGMENT</u> on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Nipomo, California, addressed as follows:

Kimberly A. Henderson
Henderson & Howard
641-643 Flume Street
Chico, CA 95928

John Reger, Trustee
P. O. Box 933
Palo Cedro, CA 96073

Byron Lee Lynch, Esq.
1805 Hilltop Drive, Suite 202
Redding, CA 96002

Les Hait, Esq.
762 East Avenue
Chico, California 95926

I certify (or declare) under penalty of perjury, that the foregoing is true and correct. Executed on May 21, 2007, at Nipomo, California.

*Peggy Ford* (signature)

Peggy Ford